IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SRINIVAS AYYAGARI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-0116-SMY |
| | ) |
| UNION PACIFIC RAILROAD CO., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Srinivas Ayyagari filed this action against his employer, Defendant Union Pacific Railroad Company ("Union Pacific"), claiming negligence under the Federal Employer's Liability Act ("FELA") (Doc. 1). Now pending before the Court is Union Pacific's Motion for Summary Judgment (Doc. 34). Plaintiff filed an opposition (Doc. 37), to which Union Pacific replied (Doc. 44). For the following reasons, the motion is **GRANTED in part**.

## Factual Background

The following material facts are undisputed unless otherwise noted: On January 29, 2020, a lightly snowing day, Srinivas Ayyagari, a conductor of Union Pacific, reported to Alton & Southern office in East St. Louis, Illinois. (Doc. 32, p. 2; Doc. 34-1, pp. 70–71, 75, 77). At around 9:30 a.m., Ayyagari began his shift heading towards Villa Grove (Doc. 34-1, p. 72). By 6:00 p.m., near Mile Post 258, the train halted because wheels were overheated (*Id.*, pp. 78–80). A dispatcher identified the cars needing inspection, prompting Ayyagari to exit the train and proceed north on foot equipped with a head lamp, lantern, and flashlight (*Id.*, pp. 81–82).

After passing through about 70 cars and walking about half a mile along the east side of the train, Ayyagari finished the inspection and began to return to the engine along the same route

(*Id.*, pp. 83–86).  On his way back, Ayyagari's left foot jerked, causing him to fall and sustain an injury to his left knee (*Id.*, pp. 86–89, 96, 99).  Ayyagari stood up and noticed that a vine was perpendicular to the rail, weaving through the ballast, with a broken piece from the trip (*Id.*, pp. 90–93, 96–97).  He felt immediate throbbing pain and walked back to the locomotive (*Id.*, pp. 101, 103).  Ayyagari drove home after his shift (*Id.*, pp. 103).

Once home, Ayyagari discovered a gash on his left knee, over one inch long (*Id.*, pp. 103, 105).  The next day, Ayyagari reported the injury to an on-duty nurse.  On February 10, 2020, he began receiving medical treatment that continued until July 14, 2024 (*Id.*, pp. 106, 147; Doc. 34-3, p. 22; Doc. 37, p. 9 ¶ 29).

Ayyagari returned to work on July 15, 2020.  On October 15, 2020, he reported COVID-19 symptoms and requested leave (Doc. 34-1, pp. 58, 148; Doc. 34-3, pp. 25–26; Doc. 37, p. 10 ¶¶ 35–36).  On November 12, 2020, Ayyagari underwent surgery for an implantable cardioverter defibrillator ("ICD") insertion (Doc. 34-1, p. 140; Doc. 34-3, p. 28; Doc. 37, pp. 10–11, ¶ 37).[1]  In April 2023, the ICD terminated a fatal ventricular flutter (Doc. 34, p. 8 ¶ 45; Doc. 37, p. 13 ¶ 45).  Ayyagari is currently on medical leave from Union Pacific (Doc. 37, pp. 13–14 ¶ 50).

## Discussion

As an initial matter, in opposition to Union Pacific's motion, Ayyagari introduced evidence concerning railroad operations and medical documents not previously disclosed under Rule 26(a)(1) (Doc. 33-1 at p. 1, ¶¶ 5–7).  The Court will not consider this information in ruling on the pending motion.  Fed. R. Civ. 37(c)(1); *see Moran v. Calumet City*, 54 F.4th 483, 497 (7th Cir. 2022) (a defendant is prejudiced if it "had to contend with allegations at summary judgment that [the plaintiff] did not disclose during discovery").

---

[1] Plaintiff suffered a heart attack and had stents inserted in 2006.  (Doc. 37, p. 3 ¶¶ 4–6).

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). The moving party is entitled to summary judgment if the non-moving party "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the evidence is merely colorable or not sufficiently probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 249–50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004).

The FELA was enacted to "provide broad remedial measures" to railroad employees. *Walker v. Ne. Reg'l Commuter R.R. Corp.*, 225 F.3d 895, 897 (7th Cir. 2000) (citing *Lisek v. Norfolk & W. Ry. Co.*, 30 F.3d 823, 831 (7th Cir. 1994)). Under the Act, "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed ... or other equipment." 45 U.S.C. § 51.

To survive summary judgment in a FELA action, "the plaintiff must offer evidence creating a genuine issue of fact on the common law elements of negligence, including duty, breach, foreseeability, and causation." *Green v. CSX Transp., Inc.*, 766 (7th Cir. 2005) (citing *Fulk v. Ill. Cent. R.R. Co.,* 22 F.3d 120, 124 (7th Cir. 1994)). However, "[b]ecause it is meant to offer broad remedial relief to railroad workers, a plaintiff's burden when suing under the FELA is significantly lighter than in an ordinary negligence case." *Holbrook v. Norfolk Southern Railway Co.*, 414 F.3d

739, 741–42 (7th Cir. 2005). Thus, a railroad-employer is liable where "employer negligence played any part, even the slightest, in producing the injury." *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 506 (1957).

Here, Ayyagari asserts negligent *per se* (Count 1) and general negligence (Count 2) under the FELA (Doc. 1). Union Pacific argues that his negligence *per se* claim fails because he does not provide evidence that Union Pacific had notice of the track's non-compliance with the requirements under 49 C.F.R. § 213.37. Union Pacific further argues that it is not liable for general negligence because Ayyagari's injury was not reasonably foreseeable. Alternatively, Union Pacific seeks partial summary judgment to limit any award of wage compensation to the period February 10, 2020 to July 15, 2020 because Ayyagari's knee injuries were irrelevant to his employment prospect after July 15, 2020.

### Count I—FELA Negligence *per se*

Under the FELA, "'the violation of a statute or regulation . . . automatically constitutes a breach of the employer's duty and negligence *per se* and will result in liability if the violation contributed in fact to the plaintiff injury.'" *Schmitz v. Canadian Pacific Ry. Co.*, 454 F.3d 678, 683 (7th Cir. 2006). However, liability can only be premised on a violation of the Track Safety Standards if the railroad knew or should have known of the defect and failed to correct it. *Jaranowski v. Indiana Harbor Belt R.R. Co.*, 72 F.4th 744, 752 (7th Cir. 2023).

Ayyagari claims Union Pacific violated the railway vegetation regulation under 49 C.F.R. § 213.37 and that it had notice of the vine he tripped on due to prior employee complaints about hazardous walking conditions and obstructed views along the tracks where the accident occurred. But as previously stated, the Court will not consider Plaintiff's submission regarding these complaints because the information was not disclosed during discovery. As there is no other

evidence to prove Defendant had notice of the vine, Union Pacific is entitled to summary judgment on Count I.

### Count II—FELA Negligence

Ayyagari alleges he was tripped by a vine near the railroad tracks and sustained injuries as a result. Citing *Ledure v. Union Pacific R.R. Co.*, 962 F.3d 907, 911 (7th Cir. 2020), Union Pacific contends that Ayyagari's injury was not foreseeable because there is no actual or constructive notice of the harmful circumstances. Specifically, Union Pacific argues that Ayyagari's injury was not reasonably foreseeable because "no reasonable person [] could hold Union Pacific, who owns over 30,000 miles of track across 23 states, responsible for anticipating a root or tree branch would be growing out of a rockbed in the middle of winter." (Doc. 34, p. 11).

A railroad worker need not satisfy the common-law proximate cause standard; instead, they need only demonstrate that the railroad's negligence "played any part, even the slightest, in producing the injury." *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 692, 705 (2011) (citing *Rogers*, 352 U.S. at 506). While reasonable foreseeability is "an essential ingredient of Federal Employer's Liability Act negligence," *Gallick v. Baltimore & O. R. Co.*, 372 U.S. 108, 117 (1963), the railroad may be liable "even if 'the extent of the [injury] or the manner in which it occurred' was not 'probable' or 'foreseeable.'" *McBribe*, 564 U.S. at p. 704.

Foreseeability is "typically a matter for the jury." *Abrams v. FedEx Ground Package System, Inc.*, 585 F.Supp.3d 1131, 1145 (S.D. Ill., 2022). Therefore, the Court cannot conclude, as a matter of law that Union Pacific did not contribute, "even the slightest", to Ayyagari's injury. *Jaranowski*, 72 F.4th at 750. Likewise, Ayyagari's credibility regarding the existence of the vine is also a question for the jury. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150

(2000) ("Credibility determinations . . . are jury functions, not those of a judge."). As such, Union Pacific is not entitled to summary judgment on Count II.

### Partial Summary Judgment on Damages

Union Pacific argues that even if it is found liable, Ayyagari's wage loss should be limited to the period February 10, 2020 to July 15, 2020, because Ayyagari's January 2020 injuries "have zero causal connection to any wage loss claims from October 2020 to present" (Doc. 34, p. 14), and that there is no evidence that Ayyagari's knee injuries impacted his economic potential.

The recovery of damages under FELA requires a causal connection to the railroad's negligence. *Myers v. Illinois Cent. R. Co.*, 629 F.3d 639, 642 (7th Cir. 2010). While the extent to which, if any, Ayyagari's knee injuries caused his economic loss after July 15, 2020 would typically be decided by the jury, absent relevant and admissible evidence, summary judgment is proper. Here, the only admissible evidence supporting Ayyagari's claim that his knee injury prevented him from returning to work after October 2020 is the evaluations of Dr. Ryan Pitts. But these evaluations were not properly disclosed during discovery and may not be considered. Union Pacific is therefore entitled to summary judgment on this point.

### Conclusion

Accordingly, Union Pacific's Motion is **GRANTED in part**. Judgment is **GRANTED** in favor of Union Pacific on Count I and with respect to Plaintiff's claim for wage loss damages from October 2020 to the present.

**IT IS SO ORDERED.**

**DATED:** February 24, 2025

**STACI M. YANDLE**
**United States District Judge**